LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6095-GAF | Date | August 9, 2012 |
|---|---|---|---|
| Title | YNP Holdings, Inc. v. Only Escrow, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

**ORDER TO SHOW CAUSE RE: REMOVAL**

On June 1, 2012, Plaintiff YNP Holdings, Inc. filed this action in Los Angeles County Superior Court, asserting various state-law claims against Federal Home Loan Mortgage Corporation ("Freddie Mac") and other Defendants in connection with the failed short sale of Plaintiff's property in Bermuda Dunes, California. (Docket No. 1 [Not. of Removal], Ex. A [Compl.].) Freddie Mac removed the case to this Court on July 16, 2012, alleging this Court's jurisdiction pursuant to 12 U.S.C. § 1452(f) (federal agency jurisdiction). (Not. of Removal ¶ 2.) However, the Count cannot presently conclude that Defendant has complied with the procedural requirements for removal pursuant to 28 U.S.C. §§ 1442 and 1446(b). Freddie Mac is therefore **ORDERED to show cause** why removal was timely.

Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007). Although 28 U.S.C. § 1442 grants federal agencies the unilateral right to remove, "the 30-day time limit clearly applies to removals based on federal [agency] jurisdiction." Durham v. Lockheed Martin Corp., No. C03-4326 THE, 2003 WL 25739368, at *4 (N.D. Cal. Dec. 8, 2003).

Here, Freddie Mac does not allege or provide evidence of the date on which it was served

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-6095-GAF | Date | August 9, 2012 |
|---|---|---|---|
| Title | YNP Holdings, Inc. v. Only Escrow, Inc. et al | | |

with a copy of the Summons and Complaint.  (See Not. of Removal.)  Accordingly, the Court cannot presently determine whether removal was timely.  Freddie Mac is hereby **ORDERED TO SHOW CAUSE no later than Monday, August 13, 2012,** as to why removal was timely.  If removal was untimely, Plaintiff has 30 days from the date of removal—in this case, until August 15, 2012—to file an appropriate motion for remand.  See 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**